IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

LAUREN LEE GAUCK,
    Plaintiff,

v.                                                                              No. _____

HOOMAN KARAMIAN a/k/a
CORBIN GRIMES, a/k/a NIK
RICHIE; DIRTY WORLD, LLC,
d/b/a THEDIRTY.COM and/or
THEDIRTYARMY.COM;
DIRTY, INC.; THE DIRTY, LLC;
DIRTY WORLD ENTERTAINMENT,
LLC; DIRTY ENTERTAINMENT, LLC;
and DIRTY SCOTTSDALE, LLC;
    Defendants.

### VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND MONEY DAMAGES

COMES NOW the Plaintiff, Lauren Lee Gauck, by and through counsel, Randall J. Fishman, and for her Complaint against the above-named Defendants states and alleges the following:

Parties and Jurisdiction.

1. Plaintiff Lauren Lee Gauck (hereinafter "Gauck") is and was at all times relevant hereto an adult resident citizen of Memphis, Shelby County, Tennessee.

2. Defendant Hooman Karamian is an adult resident citizen of the State of Arizona, and can be served with process at his residence, 14442 N. 100th Way, Scottsdale, AZ 85260.

3. Defendant "Dirty World, LLC," is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 3845 E. Greenway Rd. Unit 221, Phoenix, AZ 85032-4678, and can be served with process through its registered agent

Corporate Creations Network, Inc., 3411 Silverside Road, Rodney Building #104, Wilmington, DE 19810.

4. Defendant "Dirty, Inc.," is a corporation organized under the laws of the State of Arizona and can be served with process through its agent John Frank Sicard, P.O. Box 141, Phoenix, AZ 85001-0141.

5. Defendant "The Dirty, LLC," is a limited liability company organized under the laws of the State of Arizona and can be served with process through its agent Jeremy Shane Murphy, 3002 N. Arizona Ave., Ste. 9, Chandler, AZ 85225.

6. Defendant "Dirty World Entertainment, LLC," is a limited liability company organized under the laws of the State of Arizona and can be served with process through its agent John Webber, 4453 E. Pleasant Run, Scottsdale, AZ 85258.

7. Defendant "Dirty Entertainment, LLC," is a limited liability company organized under the laws of the State of Arizona and can be served with process through its agent William J. Bastian, II, 6526 E. Kings Ave., Scottsdale, AZ 85254.

8. Defendant "Dirty Scottsdale, LLC," is a limited liability company organized under the laws of the State of Arizona and can be served with process through its agent Mindy N. Giannes, 14362 N. Frank Lloyd Wright Blvd. #1000, Scottsdale, AZ 85260.

9. Jurisdiction is proper pursuant to, inter alia, 28 U.S.C. § 1332, because there is complete diversity between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

10. Venue is proper in this Court pursuant to, inter alia, 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claim occurred in the Western District of

Tennessee, and the place of the injury to Plaintiff is centered in this district.

Facts.

11. The Plaintiff, Ms. Gauck, is a television news reporter for Fox 13 News in Memphis, Tennessee. Prior to coming to Memphis in 2007, Gauck also worked as a news reporter for WTVO in Rockford, Illinois, a suburb of Chicago.

12. Ms. Gauck enjoys a stellar reputation among her friends, family, and acquaintances, and is and was highly regarded by members of the community and by the viewing public in both Chicago and Memphis.

13. The various Defendants named herein own and operate a website under the domain "thedirty.com," for the purpose of, among other things, celebrity gossip and the distribution of pornographic images over the internet.

14. In or around April of 2011, Ms. Gauck discovered that she was the putative subject of multiple posts on "thedirty.com" which included pornographic images purportedly featuring Ms. Gauck posing in the nude in a provocative manner, and exposing the buttocks, breasts and genitals. Ms. Gauck is not the woman in the nude pictures, and does not know the woman actually pictured therein. Other pictures appearing on the website juxtaposed with the pornographic images show the real Ms. Gauck with friends at a Chicago Cubs baseball game and Ms. Gauck with friends at the shore of Lake Michigan near downtown Chicago.

15. The webpage entitled "Chicago Girls Need To Be Exposed," posted to "thedirty.com" in or around April of 2011, described Ms. Gauck and her friends as "Chicago's BIGGEST H*ES. They f*ck everything in sight." The same post makes the following claims about Ms. Gauck and her friends: "They have no shame in sleeping with anyone to get their bills paid, bottles

popped, or their drug habits taken care of. These b*tches will f*ck anything." The same post also claims "I've been banging Lauren for a while now (btw she goes by Lauren Lee), on the reg before she moved to Nashville to become a Channel 5 news anchor."

16. A second webpage entitled "Chi Town Sloots," also posted to "thedirty.com" in or around April of 2011 referred to Ms. Gauck as "Lauren 'I Suck greg for pepsi' Gauck," and described Ms. Gauck and her friends as "the biggest b*tches then, and still are now." Upon information and belief, the reference to "pepsi" is a euphemism for cocaine use. The same webpage also claims: "The three drunk sloots poured beer down my shirt and pushed me down five stairs."

17. All of the aforementioned statements are patently false and defamatory, and same were made intentionally and recklessly to damage the reputation of Ms. Gauck.

18. Defendant Karamian a/k/a Nik Richie expressly adopted the aforementioned statements and representations when he, among other things, posted comments under the screen name "Nik" reading "Pictures don't lie ladies . . . these are the same girls who email me crying saying they have only slept with one guy and are innocent good girls. - nik."

19. Defendant Karamian, the principal of "thedirty.com" and its related business entities named as co-Defendants in this action, refused to remove the offending webpages after being contacted by Ms. Gauck.

20. Upon information and belief, Defendant Karamian temporarily removed the pornographic pictures after being contacted by Ms. Gauck's attorney.

21. Upon information and belief, the Defendants' webpages containing the defamatory content against Ms. Gauck had at least 22,000 hits before the pornographic pictures were temporarily

removed. Upon further information and belief, many of those hits were from Internet users within the Western District of Tennessee.

## Count I: Defamation.

22. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

23. Defamatory communications posted on the Internet are properly characterized as libel, which does not require proof of special damages.

24. Defendants made false statements to third parties about Ms. Gauck on the website "thedirty.com" as described supra, including but not limited to statements that she was sexually promiscuous, that she was a drug user, and that she assaulted an unknown person by pushing him or her down the stairs.

25. Defendants published the false and defamatory material to internet users across the United States and around the world. Such publications contained false and defamatory statements of fact.

26. Defendants published the false and defamatory material with actual malice, meaning knowledge of its falsity and/or reckless disregard for the truth.

27. The defamatory material is libel *per se* because it is calculated on its face to cast aspersions on the moral character and sexual activity of the Plaintiff.

28. Defendants' false statements proximately caused Ms. Gauck to suffer a loss of reputation, be deprived the benefits of public confidence and social acceptance, be held to public ridicule, and suffer personal humiliation, emotional distress and pain and suffering.

## Count II: Invasion of Privacy - False Light.

29. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

30. The Defendants unreasonably publicized or caused to be unreasonably publicized untrue personal information concerning the Plaintiff. Such information was disseminated to the public at large over the Internet, to so many persons that the matter must now be regarded as public knowledge.

31. The information the Defendants so publicized or caused to be publicized was false and defamatory, and contained major misrepresentations of the Plaintiff's character, conduct and activities. Furthermore, such misrepresentations concerning Plaintiff's personal life are not of any legitimate public concern.

32. The false and defamatory material publicized or caused to be publicized by the Defendants placed the Plaintiff before the public in a false or objectionable light in that these Defendants publicly portrayed Ms. Gauck as, among other things, a person who poses for lascivious nude pictures and/or is otherwise involved in pornographic activity, uses and abuses alcohol and drugs, engages in promiscuous sexual activity, and physically assaults other person due to excessive drinking.

33. The defamatory material is highly offensive to Ms. Gauck and would be highly offensive to a reasonable person. Such a portrayal of Ms. Gauck constitutes a gross misrepresentation of her character, history, activities and beliefs.

34. The Defendants published the false and defamatory material with actual malice, meaning knowledge of its falsity and/or reckless disregard for the truth. The defamatory material was

and remains in part continuously available to the general public on Defendants' website and elsewhere on the worldwide web.

35. As a direct and proximate result of Defendants' conduct, Plaintiff suffered personal humiliation, injury to her reputation, emotional distress, and mental anguish.

## Count III: Misappropriation of Name and Likeness.

36. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

37. Plaintiff has an exclusive interest in the use of her own identity insofar as it is represented by her name or likeness, and insofar as the use may be of benefit to herself or others.

38. Defendants published, displayed, and otherwise used actual photographs of Ms. Gauck in the company of her friends in electronic form without her express written or oral consent for purposes of trade and/or for other commercial or advertising purposes.

39. Defendants misappropriated Ms. Gauck's name and status as a television news reporter, and used the same in connection with the false and defamatory statements and the pornographic photos of the unknown female as displayed on "thedirty.com," to further their internet gossip and pornography business for the commercial purposes of soliciting and collecting advertising revenue and otherwise profiting from their website; neither in which Ms. Gauck participated nor to which she consented.

40. By means of their wrongful acts, the Defendants misappropriated Plaintiff's name and likeness for their own use with the intent to benefit from the Plaintiff's reputation, prestige, social or commercial standing, public interest or other values.

41. Defendants had actual knowledge of the wrongfulness of their conduct and of the high

probability that injury or damage to Ms. Gauck would result, and despite that knowledge, Defendants intentionally pursued their course of conduct resulting in reputational injury, emotional distress, and mental anguish to the Plaintiff. Alternatively, conduct of the Defendants was so reckless or wanting in care that it constituted a conscious disregard for or indifference to the rights of Ms. Gauck.

### Count IV: Statutory Misappropriation of Name, Photograph and Likeness.

42. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

43. Defendants published, displayed, and otherwise used actual photographs of Ms. Gauck in the company of her friends in electronic form without her express written or oral consent for purposes of trade and/or for other commercial or advertising purposes.

44. Defendants misappropriated Ms. Gauck's name and status as a television news reporter, and used the same in connection with the false and defamatory statements and the pornographic photos of the unknown female as displayed on "thedirty.com," to further their internet gossip and pornography business for the commercial purposes of soliciting and collecting advertising revenue and otherwise profiting from their website; neither in which Ms. Gauck participated nor to which she consented.

45. The foregoing acts are in violation of the Tennessee Personal Rights Protection Act of 1984, TENN. CODE ANN. §§ 47-25-1101 et seq., and as such Defendants are liable for, among other things, treble damages and attorney fees.

### Count V: Intentional Infliction of Emotional Distress.

46. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set

forth herein.

47. Defendants intentionally and/or recklessly published false and defamatory material about the Plaintiff on their website "thedirty.com," and exhibited pornographic photographs in connection with the Plaintiff's name, placing the Plaintiff in a false light before the public.

48. Defendants' conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and is regarded as atrocious and utterly intolerable in a civilized community.

49. Defendants intentionally and/or recklessly committed the aforementioned wrongful acts with the intent to cause severe mental distress and injury.

50. As a direct and proximate result of the Defendants' extreme and outrageous conduct, Plaintiff has experienced and continues to experience severe emotional distress.

### Count VI: Invasion of Privacy - Intrusion upon Seclusion and Publicity Given to Private Life.

51. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

52. Defendants made false statements and posted sexually explicit photographs on their website available to third parties as described supra that were intended to humiliate Plaintiff to her family, friends, co-workers, and before the general public.

53. Said wrongful and tortious acts of the Defendants intruded upon Plaintiff Gauck's right to seclusion and into her private affairs by publicly making false statements and posting sexually explicit photographs without Ms. Gauck's knowledge or permission.

54. Defendants' intrusion into Ms. Gauck's private life was highly offensive and proximately

caused Plaintiff to suffer loss of reputation, be deprived the benefits of public confidence and social acceptance, and suffer emotional distress and pain and suffering.

## Count VII: Civil Conspiracy.

55. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

56. Defendants named herein constituted a combination of parties who acted in concert to profit by means of their unlawful and tortious conduct toward the Plaintiff.

57. Defendant co-conspirators shared this same conspiratorial objective.

58. Defendants took overt acts in furtherance of the conspiracy including but not limited to posting defamatory material regarding the Plaintiff, posting photos and text placing the Plaintiff in a false light, sharing revenue, reproducing defamatory text and content, linking websites predicated on tortious material, and appropriating electronic images of the Plaintiff.

59. As a direct and proximate result of the conspiracy, Plaintiff has been held to public ridicule and contempt, and has suffered injury to her reputation, humiliation, emotional distress, and mental anguish. Plaintiff has further been deprived of the commercial value of her identity.

## Count VIII: Veil Piercing and Vicarious Liability.

60. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

61. The various Defendants consist of individuals, domestic corporations, domestic limited liability companies, and/or business entities of unknown form. Plaintiff is without knowledge or belief at this time to determine the precise ownership and/or other relationships among these entities.

62. To the extent that discovery indicates that business forms designed to limit shareholder and/or owner liability have been abused through analysis of the appropriate factors including, but not limited to, commingling of funds, failure to maintain corporate formalities, diversion of funds to the personal use of principals, inadequate capitalization, co-identity of directors and officers, concealment or misrepresentation of identity of ownership, and/or any other applicable factors, Plaintiff is entitled to pierce the corporate veil to reach the assets of such entities' shareholders and/or owners.

63. To the extent that discovery indicates that Defendants served as agents for their employers or principals at the time of the commission of their tortious acts and were acting within the scope of their authority in such agency, such principals are vicariously liable to the Plaintiff.

### Count IX: Injunctive Relief.

64. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

65. Under the Erie doctrine, federal courts will generally apply state substantive law when assessing the merits of a request for injunctive relief where jurisdiction is grounded in diversity.

66. Should the Plaintiff prevail on the merits, she is entitled to a permanent injunction under Tennessee law, including but not limited to the Tennessee Personal Rights Protection Act of 1984, (see T.C.A. § 47-25-1106) because she would suffer further irreparable harm without an injunction; the harm to the Plaintiff would vastly exceed the harm to the Defendants from the imposition of an injunction; and the public interest would not be adversely affected by an injunction.

67. Specifically, the Defendants should be permanently enjoined from using Plaintiff's name and/or likeness, or making any representations giving rise to any inference that Plaintiff ever participated in the activities described herein.

68. If Defendants are allowed to continue using Ms. Gauck's name and/or likeness in the same manner as they are now doing, Ms. Gauck's good name and reputation with the general public will be further damaged and damaged irreparably.

69. Ms. Gauck has no adequate remedy at law and unless Defendants are enjoined temporarily, preliminarily, and permanently, and/or ordered by the Court to refrain from using Ms. Gauck's name and/or likeness, the Defendants will undoubtedly continue to violate Ms. Gauck's property rights in the same and will continue to inflict reputational harm.

70. Further, because Defendants have extensive knowledge regarding the use and manipulation of electronically stored information, said Defendants and all those acting in concert with them should be immediately restrained from deleting, manipulating, removin, altering or concealing any electronically stored information on any computer or device in their care, custody or control in order to prevent spoliation of evidence.

71. Accordingly, an Order of this Court restraining these Defendants from using Ms. Gauck's name and/or likeness and/or a preliminary and permanent injunction enjoining Defendnats from continuing their tortious and wrongful actions is a necessary remedy if Plaintiff is to obtain meaningful relief.

72. Plaintiff will likely succeed on the merits for the reasons set forth herein, and Plaintiff is entitled to injunctive relief to prevent her from suffereing further irreparable harm before a trial on the merits.

## Jury Demand.

73. Pursuant to FED. R. CIV. P. and U.S. CONST. amend. VII, Plaintiff hereby demands a trial by jury on all issues so triable.

## Prayer.

WHEREFORE, Plaintiff Lauren Lee Gauck prays in the following particulars:

A. That this Court issue a Temporary Restraining Order enjoining Defendants from using the name, image or likeness of Lauren Lee Gauck on their website "thedirty.com," or in any other public forum whatsoever;

B. For a hearing and the entry of preliminary and permanent injunctions to prohibit, enjoin, and restrain Defendants from using Plaintiff's name, image, or likeness on their website "thedirty.com," or in any other public forum whatsoever;

C. That the Defendants be enjoined from spoliating evidence in this cause, and that this Court issue an order requiring Defendants to immediately turn over to Plaintiff any writing, document, recording and/or electronic data that contains or relates to in any way Defendants' use of Plaintiff's name, image or likeness;

D. For compensatory, general, and specific damages in an amount as proved at trial, but not less than fifty million dollars ($50,000,000.00);

E. For punitive damages for willful, wanton, and intentional conduct;

F. In addition and in the alternative, for treble damages pursuant to the Tennessee Personal Rights Protection Act of 1984;

G. That a constructive trust be placed on all revenue generated by the defamatory material posted on "thedirty.com."

H.     For costs and attorney fees;

I.      For any such further relief that this Court deems appropriate.

                          Respectfully Submitted,

                          BALLIN, BALLIN & FISHMAN, P.C.

                          /s/ Randall J. Fishman
                          Randall J. Fishman (#7097)
                          Richard S. Townley (#28164)
                          200 Jefferson Avenue, Suite 1250
                          Memphis, TN  38103
                          (901) 525-6278

                          Attorneys for Plaintiff

## VERIFICATION

STATE OF TENNESSEE
COUNTY OF SHELBY

I, Ms. Lauren Lee Gauck, do hereby state under oath that the facts contained in the above Verified Complaint are true to the best of my knowledge, information and belief, and that all exhibits attached thereto are authentic.

_____
Lauren Lee Gauck

Sworn to and subscribed before me this the 4 day of May, 2011.

_____
Notary Public

My Commission Expires: 11/11/11

[Notary Seal: JENNIFER L. MILLER, STATE OF TENNESSEE NOTARY PUBLIC, SHELBY COUNTY, My Commission Expires November 11, 2011]